UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CIV 4751**

------------------------------------------------------------x

AL BLANCHE

                        Plaintiff,    COMPLAINT AND
                                                                JURY DEMAND

      -against-

DEPARTMENT OF CORRECTIONAL SERVICES
COMMISSIONER GLENN GOORD, DEPARTMENT OF
CORRECTIONAL SERVICES COMMISSIONER
BRIAN FISHER, DEPARTMENT OF CORRECTIONAL
SERVICES CHIEF MEDICAL OFFICER LESTER N.
WRIGHT, SUPERINTENDENT OF SING SING          ECF CASE
CORRECTIONAL FACILITY, LUIS R. MARSHALL,
DR. JOHN PERILLI, FACILTY HEALTH SERVICES
DIRECTOR, SING SING CORRECTIONAL FACILITY,
NURSE RICK, MOUNT VERNON HOSPITAL
CENTER, MEDICAL PROVIDER "JAMES DOE" AT
MOUNT VERNON HOSPITAL, "JOHN DOE"
MEDICAL PROVIDERS #1-3 AT SING SING
CORRECTIONAL FACILITY, "JOHN DOE" MEDICAL
PROVIDERS #1-5 AT MOUNT VERNON HOSPITAL,
"JOHN DOE" CORRECTION OFFICERS, #1-4,

                        Defendants.

------------------------------------------------------------x

## PRELIMINARY STATEMENT

1.   This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §§1983, 1988 and Fourth, Eighth and Fourteenth Amendments and the laws and Constitution of the State of New York.

2.   The claim arises from defendants' repeated denials of proper medical treatment for plaintiff's serious injury to his finger. Because of defendants' repeated indifference to plaintiff's requests, plaintiff suffered continuous, serious physical consequences. During this period, defendants, acting under color of state law, were deliberately indifferent to plaintiff's serious medical needs, of which they were made aware.

defendants, acting under color of state law, were deliberately indifferent to plaintiff's serious medical needs, of which they were made aware.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331 and 42 USC §1983. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendants from Sing Sing Correctional Facility and Mount Vernon Hospital Center are located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff, Mr. Al Blanche ("Mr. Blanche") is a citizen of the United States and at all times here relevant, was domiciled in Westchester County, State of New York. He was a sentenced inmate at the time of the incident in the custody of the New York State Department of Correctional Services ("DOCS") and was being held at Sing Sing Correctional Facility ("Sing Sing") in Ossining, New York, which is located in Westchester County.

8. Defendant Glenn Goord ("Goord") was, until March 12, 2007, the Commissioner of DOCS, and, as such, was a policy maker with respect to choosing which healthcare professionals

2

to service the jails and other facilities in DOCS. On information and belief, former Commissioner Goord was responsible for the policy, practice, supervision, implementation, and conduct of all DOCS matters, including supervision of the performance of healthcare providers, including the defendants here referenced. As Commissioner, Goord was provided with reports of the medical care provided to inmates by the healthcare providers. Defendant Goord is sued in his individual capacity.

9. Defendant Brian Fisher ("Fisher") was, as of March 12, 2007, the Commissioner of DOCS, and, as such, was a policy maker with respect to choosing which healthcare professionals to service the jails and other facilities in DOCS. On information and belief, Commissioner Fisher was responsible for the policy, practice, supervision, implementation, and conduct of all DOCS matters, including supervision over the performance by healthcare providers, including the defendants here referenced. Commissioner Fisher is also responsible for the care, custody, and control of all inmates housed in the DOCS jails. As Commissioner, Fisher was provided with reports of the medical care provided to inmates by the healthcare providers. Defendant Brian Fisher is sued in his individual capacity.

10. DOCS Chief Medical Officer and Deputy Commissioner of Health Services Lester N. Wright ("Wright"), was at all times here relevant, employed by DOCS and, as such, was a policy maker with respect to medical treatment for inmates. On information and belief, Commissioner Wright was responsible for the policy, practice, supervision, implementation, and conduct of all DOCS matters, including supervision over the performance by healthcare providers, including the defendants here referenced. Defendant Lester Wright is sued in his individual capacity.

11. DOCS Superintendent Luis R. Marshall ("Marshall") was at all times here relevant the Superintendent of Sing Sing, and as such was the supervisor of defendants Dr. John Perilli,

Facilty Health Services Director, Sing Sing Correctional Facility, Nurse Rick, "John Doe" Correction Officers and "John Doe" medical providers. Marshall was also responsible for overseeing and implementing emergency health services protocols at Sing Sing. Marshall has been aware for some time (through previous lawsuits, inmate grievances, inmate complaints) that the medical care at Sing Sing Correctional Facility is inadequate. Marshall is sued in his individual capacity.

12. The State of New York delegates to the Division of Health ("DOH") the responsibility of providing medical care for prisoners. Victor Matarasso, was at all times here relevant Operations Manager, Division of Health, and as such was responsible for proper health care treatment for all inmates in the Department of Correctional Services' custody. Matarasso is sued in his individual capacity.

13. Dr. John Perilli was, at all times here relevant, the Facility Health Services Director and employee of DOCS and DOH and provided medical care for Sing Sing Correctional Facilities ("Sing Sing"). Defendant Perilli is sued in his individual capacity.

14. Nurse Rick was at all times here relevant a nurse employed to work at Sing Sing Correctional Facility and provided medical care to plaintiff regarding his finger. Nurse Rick is sued in her individual capacity.

15. Mount Vernon Hospital ("Mt. Vernon") was the hospital where doctors at Sing Sing sent Mr. Blanche after x-rays showed a fracture.

16. Nurse "James Doe" was at all times here relevant employed by Mt. Vernon Hospital and treated plaintiff on February 27, 2007.

17. All other individual defendants ("defendant John Doe medical providers") are employees of D.O.H. and are sued in their individual capacities.

18. At all times defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York.

### NOTICE OF INTENT TO SUE

19. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of intent to sue with the New York Attorney General's office. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

### CERTIFICATE OF MERIT

20. Pursuant to CPLR §3012-a, a Certificate of Merit is attached, affirming that plaintiff has attempted to consult with three separate doctors in good faith, however, none of those contacted would agree to such consultation.

### JOINT LIABILITY

21. This action falls within one or more of the exceptions set forth in CPLR §1602.

### EXHAUSTIAN OF REMEDIES

22. Plaintiff filed complaints with the Division of Health on March 9 and March 21, 2007.

23. Mr. Peter Farr responded to Mr. Blanche on March 9, 2007, registering his complaint as number NY0041681.

24. Plaintiff filed complaints with Superintendent Luis Marshall, Dr. Lester Wright, Victor Matarasso, Dr. John Pirelli and Dr. Aman Bakshi on March 4, 2007.

### FACTUAL ALLEGATIONS

25. On or about February 27, 2007, Mr. Blanche was incarcerated in Sing Sing in Westchester County, New York. Mr. Blanche's left ring finger was crushed, severing the bone, in a faulty metal gate.

26. Non-party medical providers at Sing Sing, Dr. Bakshi and Physicians' Assistant Murthra ("P.A. Murthra") took three x-rays of Mr. Blanche's finger.

27. At 12:45 P.M. Dr. Bakshi and P.A. Murthra determined that Mr. Blanche's finger was fractured and Mr. Blanche needed to be brought to the Emergency Room at Mount Vernon Hospital for the finger to be pinned and set by an orthopedic surgeon immediately.

28. "John Doe" Correction Officers failed to transfer plaintiff to Mount Vernon Hospital until 3:15 p.m.

### Defendants Mount Vernon Hospital, Nurse "James Doe" and "John Doe" Medical Providers at Mt. Vernon Failed to Properly Treat Mr. Blanche's Fractured Finger

29. Mr. Blanche was brought to Mt. Vernon Hospital with the x-rays taken at Sing Sing.

30. Mt. Vernon medical personnel examined and informed Mr. Blanche that his finger was not fractured.

31. Defendants Mount Vernon Hospital, Nurse "James Doe" and "John Doe" Medical Providers at Mt. Vernon Hospital were aware of Mr. Blanche's serious medical injury based on the x-rays he brought from Sing Sing and from Mr. Blanche's complaints.

32. Defendants Mount Vernon Hospital, Nurse "James Doe" and "John Doe" Medical Providers at Mt. Vernon Hospital, were deliberately indifferent in consciously and repeatedly disregarding Mr. Blanche's serious medical needs by refusing to set his fractured finger or take other appropriate action.

### Defendants Nurse Rick, John Doe Medical Providers #1-5 and John Doe Correction Officers #1-5 at Sing Sing were Deliberately Indifferent in Failing to Properly Treat Mr. Blanche's Fractured Finger

33. On March 15, 2007, Mr. Blanche finally saw an orthopedic surgeon at Fishkill Correctional Facility, but because defendants failed to include Mr. Blanche's x-rays in the envelope sent with him, the appointment had to be rescheduled.

34. Defendants failed to reschedule an appointment for Mr. Blanche at the orthopedic surgeon until April 5, 2007. On that date, Mr. Blanche was informed that it was too late to set the bone.

35. Defendant John Doe Medical Providers failed to have Mr. Blanche's finger properly treated.

36. As a result, Mr. Blanche's has suffered protracted disfigurement of his finger.

### DAMAGES

37. As a direct and proximate result of defendants' actions, plaintiff suffered the following injuries and damages:

   a. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

   b. Violation of his rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment;

   c. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   d. Violation of his New York State Constitutional rights under Article 1, Section 12;

   e. Violation of his New York State Constitutional right under Article 1, Section 5 to be free of Cruel and Unusual Punishment;

7

  f. Physical pain and suffering;

  g. Emotional trauma and suffering, including fear, emotional distress, frustration, extreme inconvenience, and anxiety.

## FIRST CAUSE OF ACTION
### (42 USC § 1983)

38. The above paragraphs are here incorporated by reference.

39. Defendants acted under color of law to deprive plaintiff of his civil, constitutional and statutory rights to due process of law pursuant to the Eighth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983 and §§ 5, 6 and 12 of the New York State Constitution.

40. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### (DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS)

41. The above paragraphs are here incorporated by reference.

42. Defendants, have acted under color of law to deprive plaintiff of his civil, constitutional and statutory rights to due process of law pursuant to the Eighth and Fourteenth Amendments of the United States Constitution and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

43. Defendants knew plaintiff faced a substantial risk of serious harm and protracted disfigurement when he presented them with a fractured finger.

44. Defendants were deliberately indifferent when they repeatedly disregarded that risk by failing to properly and promptly treat plaintiff's fracture.

45. Defendants' deliberate indifference to plaintiff's medical condition caused plaintiff to

sustain serious injuries, including swelling and pain.

46. Defendants' deliberate indifference caused plaintiff's condition to degenerate, causing long-term damage.

47. Plaintiff was damaged by the deliberate indifference of the defendants.

### THIRD CAUSE OF ACTION
### (MEDICAL MALPRACTICE)

48. Defendants agreed and undertook faithfully, skillfully, diligently and carefully, and in accordance with approved and accepted standards of practices, procedures and techniques and the customs and common usages prevailing in hospitals and health treatment settings, to sell, furnish and supply proper, necessary and indicated care, treatment, attention and supervision to D.O.C.S. inmates, including Mr. Blanche, and to sell, furnish, supply, provide and make available the necessary and indicated personnel and services here alleged.

49. Defendants agreed and undertook faithfully, skillfully, diligently and carefully, and in accordance with approved and accepted standards of practices, procedures and techniques and the customs and common usages prevailing in hospitals and health treatment settings, to sell, furnish and supply proper, necessary and indicated care, treatment, attention and supervision to D.O.C.S. inmates, including Mr. Blanche, and to sell, furnish, supply, provide and make available the necessary and indicated personnel and services here alleged.

50. Plaintiff relied on the accreditation of defendants and the protection and safeguards afforded by them when admitted to Sing Sing.

51. Defendants owed Mr. Blanche a duty of care to provide him with medical care in accordance with the accepted standards of care in the community and to use in their evaluation and care of Mr. Blanche approved methods in general use, to use reasonable care and skill, and

9

to use their best judgment in the evaluation and care of Mr. Blanche.

52. Defendants and their agents, servants, partners and employees were negligent in the treatment, services and care rendered to and on behalf of Mr. Blanche; in failing to use reasonable care in the services and care rendered to an on behalf of Mr. Blanche; in failing to timely diagnose and treat Mr. Blanche; in failing to prescribe proper medications; in failing to heed his condition; in failing to perform indicated procedures; in improperly performing indicated procedures; in failing to take a history and physical examination of Mr. Blanche; in failing to properly and adequately document Mr. Blanche's medical condition; in failing to administer indicated diagnostic tests; in failing to properly interpret diagnostic tests; in failing to properly diagnose the condition of Mr. Blanche; in failing to initiate and administer adequate and proper follow-up care to Mr. Blanche; in negligently departing from good and accepted medical practice and procedures then and there prevailing in services rendered to Mr. Blanche; in failing to heed or appreciate the significance of the signs and symptoms exhibited by Mr. Blanche; in improperly prescribing medication; in improperly administering medication; in failing to timely refer Mr. Blanche to specialists; in failing to properly treat Mr. Blanche's condition; and in otherwise being negligent, careless, and reckless in the diagnosis and treatment of Mr. Blanche.

53. The medical treatment rendered to Mr. Blanche by defendants, their agents, servants, partners and employees was performed negligently and carelessly and was rendered in a manner which departed from the standard of good and accepted medical practice then and there prevailing, and constituted medical malpractice.

54. By reason of the above, Mr. Blanche sustained great pain, agony, injury, suffering, disability, and hospitalization, as well as mental anguish and emotional distress, and was

damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction.

## FOURTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

55. All preceding paragraphs are here incorporated by reference.

56. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§5, 6 and 12 of the New York State Constitution.

57. A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## FIFTH CAUSE OF ACTION
### (NEGLIGENCE)

58. All preceding paragraphs are here incorporated by reference.

59. Defendants had a duty to plaintiff to use reasonable care in promptly assessing and providing for his medical needs.

60. Defendants repeatedly breached that duty by failing to properly assess, prescribe, renew, and provide him necessary medical attention.

61. Defendants' failure to use reasonable care in assessing plaintiff's injury and providing him with medical treatment proximately caused plaintiff's swelling and pain in his finger, resulting in serious physical injury.

62. Plaintiff was seriously injured as a result of defendants' negligence.

## SIXTH CAUSE OF ACTION
### (NEGLIGENT HIRING & RETENTION)

63. The above paragraphs are here incorporated by reference.

64. Defendants knew or should have known of facts that would have led reasonable and prudent people to further investigate the individual defendants' negligent dispositions through the hiring process.

65. Defendants Wright, Goord and Fisher knew or should have known that their failure to investigate defendants' negligent dispositions would lead to plaintiff's injury.

66. Defendants Wright, Goord and Fisher were negligent in their hiring and retaining the medical providers involved in this case in that they knew or should have known of the defendants' propensity to act negligently.

67. Defendants Wright, Goord and Fisher have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, 42 USC §1983 and the New York State Constitution.

### SEVENTH CAUSE OF ACTION
(NEGLIGENT RETENTION AND HIRING)

68. The above paragraphs are here incorporated by reference.

69. Defendant "James Doe" medical provider, at Mount Vernon had a negligent disposition and Mount Vernon Hospital knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant officers' negligent dispositions through the hiring process.

70. Defendant Mount Vernon Hospital knew or should have known that their failure to investigate defendant's negligent disposition would lead to plaintiff's injury.

71. Defendant Mount Vernon Hospital was negligent in their hiring and retaining James Doe in that they knew or should have known of the defendant's propensity to act negligently.

72. Defendant Mount Vernon Hospital have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff

12

under common law, 42 USC §1983 and the New York State Constitution.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         May 20, 2008

TO:

Department Of Correctional Services
Commissioner Glenn Goord
NYS Department of Correctional Services
Building 2
1220 Washington Ave
Albany, New York 12226-2050

Department Of Correctional Services
Commissioner Brian Fisher
NYS Department of Correctional Services
Building 2
1220 Washington Ave
Albany, New York 12226-2050

Yours, etc.,

Cynthia Conti-Cook
Bar #CC0778
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
cynthiaconticook@gmail.com

13

NYS Department of Correctional Services
Building 2
1220 Washington Ave
Albany, New York 12226-2050

Department of Correctional Services
Superintendent Luis R. Marshall
Sing Sing Correctional Facility
354 Hunter Street.
Ossining NY 10562

Dr. John Perilli
Facilty Health Services Director
Sing Sing Correctional Facility
354 Hunter Street.
Ossining NY 10562

Nurse Rick
Sing Sing Correctional Facility
354 Hunter Street.
Ossining NY 10562

Mount Vernon Hospital Center
12 North 7th Avenue
Mount Vernon NY 10550

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

AL BLANCHE

                                                                                  Plaintiff,        **CERTIFICATE OF MERIT**

              -against-

DEPARTMENT OF CORRECTIONAL SERVICES COMMISSIONER GLENN GOORD, DEPARTMENT OF CORRECTIONAL SERVICES COMMISSIONER BRIAN FISHER, DEPARTMENT OF CORRECTIONAL SERVICES CHIEF MEDICAL OFFICER LESTER N. WRIGHT, SUPERINTENDENT OF SING SING CORRECTIONAL FACILITY, LUIS R. MARSHALL, DR. JOHN PERILLI, FACILTY HEALTH SERVICES DIRECTOR, SING SING CORRECTIONAL FACILITY, NURSE RICK, MOUNT VERNON HOSPITAL CENTER, MEDICAL PROVIDER "JAMES DOE" AT MOUNT VERNON HOSPITAL, "JOHN DOE" MEDICAL PROVIDERS #1-3 AT SING SING CORRECTIONAL FACILITY, "JOHN DOE" MEDICAL PROVIDERS #1-5 AT MOUNT VERNON HOSPITAL, "JOHN DOE" CORRECTION OFFICERS, #1-4,

                              Docket #

                                                                     Defendants.

-------------------------------------------------------------- x

I, Cynthia Conti-Cook, plaintiff's attorney in this action, have attempted to consult with at least three separate doctors in good faith, however, none of those contacted would agree to such consultation based on record review without a patient evaluation. Plaintiff is incarcerated by the Department of Correctional Services.

Pursuant to CPLR 3012-a, I affirm this Certificate of Merit under penalties of perjury.

May 20, 2008

*[signature]*
Cynthia Conti Cook, Esq.