UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
AL BLANCHE,

                            Plaintiff,

            -against-

DEPARTMENT OF CORRECTIONAL SERVICES
COMMISSIONER GLENN GOORD, DEPARTMENT OF
CORRECTIONAL SERVICES COMMISSIONER BRIAN
FISHER, DEPARTMENT OF CORRECTIONAL SERVICES
CHIEF MEDICAL OFFICER LESTER N. WRIGHT,
SUPERINTENDENT OF SING SING CORRECTIONAL
FACILITY, LUIS R. MARHSALL, DR. JOHN PERILLI,
FACILITY HEALTH SERVICES DIRECTOR, SING SING
CORRECTIONAL FACILITY, NURSE RICK, MOUNT
VERNON HOSPITAL, MEDICAL PROVIDER "JAMES DOE"
AT MOUNT VERNON HOSPITAL, "JOHN DOE" MEDICAL
PROVIDERS #1-3 AT SING SING CORRECTIONAL
FACILITY, "JOHN DOE" MEDICAL PROVIDERS #1-5 AT
MOUNT VERNON HOSPITAL, "JOHN DOE" CORRECTION
OFFICER, #1-4,

                            Defendants.
-------------------------------------------------------------------------X

08 CIV 4751
ECF

**ANSWER FOR
DEFENDANT
MOUNT VERNON
HOSPITAL**

        Defendant, MOUNT VERNON HOSPITAL, by its attorneys, Bartlett, McDonough, Bastone

& Monaghan, LLP, as and for its Answer to plaintiff's Complaint pursuant to FRCP Rule 7,

respectfully shows to this Court and alleges upon information and belief:

### PRELIMINARY STATEMENT

        1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraphs numbered "1", and respectfully refers all questions of law to the

Honorable Court.

        2.      Denies the allegations contained in paragraphs numbered "2", and "3", and

respectfully refers all questions of law to this Honorable Court.

## JURISDICTION

3.      Denies the allegations contained in paragraphs numbered "4", "5" and "6" and respectfully refers all questions of law to the Honorable Court.

## PARTIES

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17" and "18", and respectfully refers all questions of law to the Honorable Court.

## NOTICE OF INTENT TO SUE

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "19",and respectfully refers all questions of law to the Honorable Court.

## CERTIFICATE OF MERIT

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "20" and respectfully refers all questions of law to the Honorable Court.

## JOINT LIABILITY

7.      Denies the allegations contained in paragraph numbered "21", and respectfully refers all questions of law to the Honorable Court.

## EXHAUSTION OF REMEDIES

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "22", "23" and "24"and respectfully refers all questions of law to the Honorable Court.

## FACTUAL ALLEGATIONS

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "25", "26", "27", "28", "29", "30", "33", "34", "35" and "36".

10.    Denies the allegations contained in paragraphs numbered "31" and "32".

## DAMAGES

11.    Denies the allegations contained in paragraphs numbered "37 a-g".

## FIRST CAUSE OF ACTION

12.    In response to paragraph "38", repeats each admission or denial made herein as though fully set forth hereat, contained in those paragraphs marked and designated "1" through "37" with the same force and effect as if hereinafter set forth at length.

13.    Denies the allegations contained in paragraphs numbered "39" and "40".

## SECOND CAUSE OF ACTION

14.    In response to paragraph "41", repeats each admission or denial made herein as though fully set forth hereat, contained in those paragraphs marked and designated "1" through "40" with the same force and effect as if hereinafter set forth at length.

15.    Denies the allegations contained in paragraphs numbered "42", "43", "44". "45", "46", and "47".

## THIRD CAUSE OF ACTION

16.    Denies the allegations contained in paragraphs numbered "48", "49", "50", and "51" in the form alleged and respectfully refers all questions of law to the Honorable Court.

17.    Denies the allegations contained in paragraphs numbered "52", "53", and "54".

## FOURTH CAUSE OF ACTION

18.     In response to paragraph "55", repeats each admission or denial made herein as though fully set forth hereat, contained in those paragraphs marked and designated "1" through "54" with the same force and effect as if hereinafter set forth at length.

19.     Denies the allegations contained in paragraph numbered "59" in the form alleged and respectfully refers all questions of law to the Honorable Court.

20.     Denies the allegations contained in paragraphs numbered "60", "61", and "62".

## FIFTH CAUSE OF ACTION

21.     In response to paragraph "63", repeats each admission or denial made herein as though fully set forth hereat, contained in those paragraphs marked and designated "1" through "62" with the same force and effect as if hereinafter set forth at length.

22.     Denies the allegations contained in paragraph numbered "64".

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "65", "66", and "67".

## SEVENTH CAUSE OF ACTION

24.     In response to paragraph "68", repeats each admission or denial made herein as though fully set forth hereat, contained in those paragraphs marked and designated "1" through "67" with the same force and effect as if hereinafter set forth at length.

25.     Denies the allegations contained in paragraphs numbered "69", "70", "71" and "72"

## FIRST AFFIRMATIVE DEFENSE

26.     Pursuant to New York Civil Practice Law and Rules Article 16, the liability, if any, of the answering defendant, for non-economic loss shall not exceed its equitable shares of liability.

## SECOND AFFIRMATIVE DEFENSE

27.    In the event plaintiff recovers a verdict or judgment against the answering defendant, such verdict or judgment must be reduced pursuant to New York Civil Practice Law and Rules section 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source.

## THIRD AFFIRMATIVE DEFENSE

28.    That this Court lacks subject matter jurisdiction over the answering defendant.

**WHEREFORE**, defendant, MOUNT VERNON HOSPITAL, demands judgment dismissing the Complaint, together with the costs and disbursements of the within action.

Yours, etc.,

BARTLETT, McDONOUGH, BASTONE & MONAGHAN, LLP

By

Kenneth S. Oliver, Esq. (0194)
Member of the Firm
Attorneys for Defendant
MOUNT VERNON HOSPITAL
Office & P.O. Address
81 Main Street
White Plains, New York  10601
(914)  448-0200

TO:        Cynthia Conti-Cook, Esq.
           Attorneys for Plaintiff
           71 Nevins Street
           Brooklyn, New York  11217

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK              )
                               ss.:
COUNTY OF WESTCHESTER          )

     Teresa Ann Favret, being duly sworn, deposes and says:  that deponent is not a party to the action, is over 18 years of age and resides c/o 81 Main Street, White Plains, N.Y., 10601.

     That on the ⎵ day of August, 2008 deponent  served the within: Verified Answer upon:

               Cynthia Conti-Cook, Esq.
               Attorneys for Plaintiff
               71 Nevins Street
               Brooklyn, New York   11217

               Department of Correctional Services
               Commissioner Brian Fisher
               NYS Department of Correctional Services
               Building 2
               1220 Washington Avenue
               Albany, New York   12226

               Department of Correctional Services
               Commissioner Glenn Goord
               NYS Department of Correctional Services
               Building 2
               1220 Washington Avenue
               Albany, New York   12226

               NYS Department of Correctional Services
               Building 2
               1220 Washington Avenue
               Albany, New York   12226

               Department of Correctional Services
               Superintendent Luis R. Marshall
               Sing Sing Correctional Facility
               354 Hunter Street
               Ossining, New York   10562

Nurse Rick
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York   10562

at the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_Teresa Ann Favret_

Teresa Ann Favret

Sworn to before me this

15 day of August, 2008

_Natalie Gatti_
Notary Public

NATALIE GATTI
Notary Public, State of New York
No. 40-4753978
Qualified in Putnam County
Commission Expires August 31, 2009

Plaintiff,

    -against-

DEPARTMENT OF CORRECTIONAL SERVICES
COMMISSIONER GLENN GOORD, DEPARTMENT OF
CORRECTIONAL SERVICES COMMISSIONER BRIAN
FISHER, DEPARTMENT OF CORRECTIONAL SERVICES
CHIEF MEDICAL OFFICER LESTER N. WRIGHT,
SUPERINTENDENT OF SING SING CORRECTIONAL
FACILITY, LUIS R. MARHSALL, DR. JOHN PERILLI,
FACILITY HEALTH SERVICES DIRECTOR, SING SING
CORRECTIONAL FACILITY, NURSE RICK, MOUNT
VERNON HOSPITAL, MEDICAL PROVIDER "JAMES DOE"
AT MOUNT VERNON HOSPITAL, "JOHN DOE" MEDICAL
PROVIDERS #1-3 AT SING SING CORRECTIONAL
FACILITY, "JOHN DOE" MEDICAL PROVIDERS #1-5 AT
MOUNT VERNON HOSPITAL, "JOHN DOE" CORRECTION
OFFICER, #1-4,

Defendants.

---

**VERIFIED ANSWER**

---

**BARTLETT, McDONOUGH, BASTONE & MONAGHAN**
Attorneys for Defendant
MOUNT VERNON HOSPITAL
OFFICE & P.O. ADDRESS
81 MAIN STREET
WHITE PLAINS, NEW YORK    10601
(914) 448-0200